Luke J. McGuinness  ⎫
vs.                 ⎬ Eq.No.6765
Hugh E. Devlin      ⎭

April 9, 1926

TANNER, P. J. This is a bill in equity brought to compel specific performance of an agreement by the respondent to convey a house and lot to the complainant.

The only defence made to this bill is that respondent told one Manning, who acted as his agent in selling said house and lot to said complainant, that he didn't wish the same sold to any real estate agent.

This is denied by the agent Manning and we think the defendant has failed to prove by a fair preponderance of the evidence, said instruction. But even if said instruction had been given to said agent by said respondent, we find that the evidence fails to show that the complainant knew of said instruction. If so, the complainant was not bound by said instruction if it had been given to the agent.

"Private instructions or directions to the agent as to the manner in which he shall execute his commission, but which from their nature or the desire of the principal it is manifest he does not expect the agent to disclose to persons with whom he deals, do not affect the liability of the third person to whom they are not, and are not intended to be, communicated."

"The agent's apparent authority being proved, it is not proper to admit evidence of instructions unknown to third persons and not intended to be communicated by the agent."

31 Cyc. 1326.

We find on the first issue, no; on the second issue, yes; on the third issue, yes; on the. fourth issue, yes; on the fifth issue, $800.

For Complainant: Greenough, Easton & Cross.

For Respondent: Peter W. McKiernan.